# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**INDUSTRIA DE ALIMENTOS ZENU S.A.S.**,

    Plaintiff/Counter Defendant,

    v.

**LATINFOOD U.S. CORP. d/b/a ZENU PRODUCTS CO. and WILSON ZULUAGA,**

    Defendants/Counter Claimants/Third Party Plaintiffs,

    v.

**CORDIALSA USA, INC.**

    Third Party Defendant,

Civ. No. 16-6576 (KM) (MAH)

**ORDER**

THIS MATTER having come before the Court on the parties' cross-motions for summary judgment and attorney's fees (DE 265, 268, 274); and the Court having considered the submissions of the parties (DE 265, 266, 267, 268, 269, 273, 274, 275, 279, 280); for the reasons stated in the accompanying Opinion, and for good cause shown;

**IT IS** this 27th day of June, 2023,

**ORDERED** that Plaintiffs' motion for summary judgment (DE 265) is **GRANTED** with respect to Plaintiffs' claim for source misrepresentation (Count 11) and Defendants' cross/counterclaim for tortious interference; and it is further

**ORDERED** that Plaintiffs' motion for summary judgment (DE 265) is **GRANTED** with respect to Plaintiffs' claims for violation of Article 8 of the Inter American Convention for Trademark and Commercial Protection ("IAC") with

respect to the Zenú mark (Count 12) and violation of Article 18 of the IAC with respect to the Zenú and Ranchera marks (Count 13), except that the effect of this ruling is **STAYED** pending compliance with the decretal paragraph immediately following; and it is further

**ORDERED** that, within 30 days of the date of this Order, Industria shall provide appropriate authentication of its registration of the Zenú and Ranchera marks in Colombia or otherwise establish the authenticity of the Colombian registration, with Latinfood to submit any opposition within 14 days thereafter; and it is further

**ORDERED** that Plaintiffs' motion for summary judgment (DE 265) is **DENIED** in all other respects; and it is further

**ORDERED** that Defendants' motion for summary judgment (DE 268) is **GRANTED** with respect to Plaintiffs' claims for false association trademark infringement (Counts 1 and 2); false advertising (Count 3); violation of Article 7 of the IAC with respect to the Zenú and Ranchera marks (Count 12); violation of Article 8 of the IAC with respect to the Ranchera mark (Count 12); and unfair competition under New Jersey law (Counts 15 and 16); and it is further

**ORDERED** that Defendants' motion for summary judgment (DE 268) is **DENIED** in all other respects; and it is further

**ORDERED** that the parties' cross-motions for attorney's fees are denied without prejudice to resubmission at the appropriate time, in accordance with the accompanying Opinion.

For ease of reference, the remaining claims in the case (subject to authentication of Colombian records) would be violation of Articles 12, 16, 17, and 31 of the IAC (Counts 13, 14); trade dress infringement (Count 4); and copyright infringement (Counts 5 through 10).

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

2